# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
RANDAL R. LEONARD, BAR NO. 6716.

No. 78632

**FILED**

SEP 12 2019


ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## *ORDER APPROVING CONDITIONAL GUILTY PLEA AGREEMENT*

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that this court approve, pursuant to SCR 113, an amended conditional guilty plea agreement in exchange for a stated form of discipline for attorney Randal R. Leonard. Leonard admitted to violating RPC 1.3 (diligence), RPC 8.1 (bar admission and disciplinary matters), and RPC 8.4 (misconduct).

As set forth in the amended plea agreement, Leonard did not fully cooperate with the disciplinary proceedings resulting from a client's complaint that Leonard failed to diligently pursue the matter for which he had been retained. He also did not complete two conditions of a guilty plea agreement that addressed a 2016 disciplinary matter and was resolved through a public reprimand. The amended plea agreement and information submitted to the State Bar indicate that the violations resulted in actual injury to Leonard's client in that his case was dismissed at least in part due to Leonard's lack of diligence and injury to the legal profession through Leonard's lack of cooperation in the disciplinary process. Leonard agreed to a six-month-and-one-day suspension with the last day stayed, provided that he successfully completes a two-year probationary period. He further agreed to the following conditions, as more specifically described in the plea

SUPREME COURT
OF
NEVADA

(O) 1947A

19-38230

agreement: (1) he must participate in binding fee dispute arbitration within the first 90 days of his suspension and pay, within the 24-month probationary period, any awarded attorney fees and all expert witness fees, as determined in the arbitration; (2) he must obtain a mentor approved by the State Bar before the end of the 6-month suspension, with a completed mentorship agreement and quarterly reports to be filed with the State Bar; (3) he must remain free from any violations of the professional conduct rules during the probationary period; and (4) he must pay the actual costs of the underlying disciplinary proceedings, including $2,500 under SCR 120 within 30 days of receiving the State Bar's memorandum of costs.

Based on our review of the record, we conclude that the amended guilty plea agreement should be approved. *See* SCR 113(1). Considering the duties violated, Leonard's mental state (negligence with regard to his lack of diligence and knowledge with regard to his lack of cooperation with the disciplinary investigation and failure to comply with the conditions of his public reprimand), the injuries caused by his conduct, and the aggravating and mitigating circumstances (prior disciplinary offenses, pattern of misconduct, multiple offenses, substantial experience in the practice of law, absence of a dishonest or selfish motive, and remorse), we agree that a six-month actual and one-day stayed suspension are appropriate. *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008) (identifying the following four factors that must be weighed in determining the appropriate discipline: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors"); *see* Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards*, Standard 7.2 (Am. Bar Ass'n 2017)

("Suspension is generally appropriate when a lawyer knowingly engages in conduct that is a violation of a duty owed as a professional and causes injury or potential injury to a client, the public, or the legal system."); *see also State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988) (observing that the purpose of attorney discipline is to protect the public, the courts, and the legal profession, not to punish the attorney).

We hereby impose a six-month-and-one-day suspension. Leonard shall serve six months of the suspension, commencing from the date of this order, and the remainder of the suspension shall be stayed pending his successful completion of a two-year probationary period. The probationary period shall commence upon entry of this order. To successfully complete probation, Leonard must comply with all of the conditions in the plea agreement, as outlined above. Leonard shall comply with SCR 115. The State Bar shall comply with SCR 121.1.

It is so ORDERED.[1]

_____, C.J.
Gibbons

_____, J.          _____, Sr. J.
Stiglich                        Douglas

cc:     Chair, Southern Nevada Disciplinary Board
        Randal R. Leonard
        Bar Counsel, State Bar of Nevada
        Executive Director, State Bar of Nevada
        Admissions Office, U.S. Supreme Court

---

[1]The Honorable Michael Douglas, Senior Justice, participated in the decision of this matter under a general order of assignment.